# DEX 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| FAIRFAX COUNTY SCHOOL BOARD,<br><br>Plaintiff,<br><br>v.<br><br>LINDA McMAHON, in her official capacity as Secretary of Education of the United States, and the UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants. | Civil Action No. 1:25-cv-01432 |

**DECLARATION OF MURRAY BESSETTE**

1. My name is Murray Bessette. I make this Declaration based on my own personal knowledge, on information contained in the records of the U.S. Department of Education ("Department"), and/or on information provided to me by Department employees. I make this declaration in opposition to the temporary restraining order and preliminary injunction sought by the Plaintiff in this matter.

2. I am currently employed as Acting Assistant Secretary for the Department's Office of Planning, Evaluation, and Policy Development ("OPEPD") headquartered in Washington, D.C. I began my service at the Department on February 24, 2025. OPEPD advises the Secretary of Education ("Secretary") on policy development, implementation, and review, including grant policies.

3. Under the General Education Provisions Act (GEPA), section 423 (20 U.S.C. § 1226a-1) the Secretary may determine the method of payment, including reimbursement, under a grant program. Under the Uniform Guidance applicable to federal agencies including the Department, the Department may adjust specific conditions imposed on grant recipients, and specific conditions may include requiring payments as reimbursements rather than advance payments (2 C.F.R. § 200.208). Under regulation applicable to the Department, 2 C.F.R. § 3474.10, the Secretary may designate specific conditions as "high-risk conditions" and may designate a non-Federal entity subject to specific conditions as "high-risk."

4. Plaintiff incorrectly asserts that by designating Plaintiff as "high-risk" and imposing the specific condition of a reimbursement method of payment, the Department has "effectively blocked access" to Plaintiff's federal funding. High-risk designation and a reimbursement method of payment do not freeze or cut off an entity's access to federal funds. Rather, those

designations allow the Department to account for identified risks and potential risks and appropriately monitor the grantee to mitigate those risks.

5. Prior to terminating federal financial assistance should the Department find a violation of Title IX, the Department would follow the administrative process set forth in 2 C.F.R. § 200.339 or 34 C.F.R. § 100.8; with respect to Plaintiff, the process to which OCR is bound for enforcement of its findings of violation of federal civil rights law is still on-going, and termination of federal financial assistance would not occur until that process had concluded.

6. Discretionary grants made directly to the Plaintiff by the Department are now, as a result of the challenged designations, placed on reimbursement method of payment. However, as to Department formula funds, each State may choose the method of payment for distributing those funds to their local educational agencies (LEAs) (e.g., school districts or divisions). Virginia had chosen as a matter of policy (prior to the challenged designations by the Department) a reimbursement method of payment for all of its LEAs; thus, Plaintiff already receives its federal formula grant funds under a reimbursement method of payment.

7. The "High-Risk Letter" (ECF No. 3, Exh. K) from the Secretary to the Plaintiff, does not effectuate or indicate any imminent freeze, "block," or termination of Plaintiff's federal funds. That letter described to Plaintiff how Plaintiff might seek reconsideration of the high-risk status and specific condition determinations; however, Plaintiff has not submitted any such request for reconsideration to the Department. As to districts that have submitted requests for reconsideration, the Department is undertaking individualized reconsideration based on each district's submission.

***

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, DC this 2nd day of September, 2025.

_____

Murray Bessette